UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ELLIS LEE SANDIFER, JR.                CIVIL ACTION

v.                                     NO. 17-6580

FRANK HOPKINS                          SECTION "F"


ORDER AND REASONS

Before the Court is Fred Hopkins's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons that follow, the motion is GRANTED.

**Background**

This litigation arises from allegations that the defendant perpetrated a hate crime against the plaintiff by beating him with a stick, smashing the back windshield of the plaintiff's car, and threatening to kill the plaintiff with a shotgun.[1] All allegedly motivated by the Black Lives Matter movement.

---

[1] Where, as here, the defendant seeks to dismiss the plaintiff's complaint, the Court takes as true the plaintiff's allegations.

At 7:30 a.m. on July 9, 2016, Ellis Lee Sandifer, Jr. drove to the house of his cousin, David Brady, on General Pershing Street in New Orleans. Sandifer and Brady had planned to go car shopping for Sandifer's daughter. When he arrived at Brady's house, Sandifer honked his car's horn and decided to smoke a cigarette while he waited. Meanwhile, Brady's neighbor, Frank Hopkins, walked across the street from his house; he approached Sandifer with a stick in his hand, while screaming at Sandifer about the Black Lives Matter movement and the murders of the Dallas police officers. Thinking Hopkins (a white male) was joking, Sandifer (a black male) laughed. But Hopkins was not joking. Hopkins yelled at Sandifer: "You can't do what you want around here. Turn your music down." Sandifer leaned into his car, retrieved his pack of cigarettes, and went inside Brady's house.

Five minutes later, Sandifer returned to and got into his car. Hopkins also returned to Sandifer's car, still carrying a stick, and yelled at Sandifer about the Dallas and Baton Rouge police shootings. Sandifer told Hopkins that he did not want to hear about that. Hopkins poked Sandifer's car with the stick. Sandifer told Hopkins "it is too early for all that and no one have time for this." Hopkins then hit Sandifer's car with the stick he was carrying. Sandifer exited his car and asked Hopkins, "what's your problem?" Hopkins responded by walking to the back

of Sandifer's car and with the stick, hitting the back windshield so hard it shattered.

Before Sandifer could react, Hopkins then began swinging the stick at Sandifer's face. As Sandifer raised his left arm to block his head and face from the stick, the stick struck his left arm three or four times, ultimately causing his arm to break. After Hopkins stopped hitting Sandifer with the stick, he walked across the street to his garage and retrieved a shotgun. Hopkins screamed about black people generally and also threatened Sandifer, "I'll kill you!" Sandifer yelled back, "It's not that serious. What's your problem?" Hopkins continued to yell about the Black Lives Matter movement and police shootings. Hopkins then went inside his house. When he emerged, he got into his truck, backed up and hit the car parked behind him, and sped off.

Sandifer reported the incident to New Orleans Police Department officers, who arrived on scene along with an ambulance, which transported Sandifer to the Ochsner Baptist Hospital. When x-rays revealed that surgery was necessary to repair his broken arm, Sandifer was admitted to the hospital. The next day, he underwent surgery. Unable to work as a United States Postal Service mail carrier during his recovery, Sandifer was not accumulating the hours he needed to maintain insurance coverage.

On July 10, 2017, Sandifer, pro se, sued Hopkins, seeking to recover compensatory damages.[2] He alleges that he and Hopkins are both Louisiana residents, and that the Court has federal question subject matter jurisdiction based on 28 U.S.C. § 1331 and 18 U.S.C. § 249. Hopkins now seeks to dismiss Sandifer's complaint on the ground that this Court lacks subject matter jurisdiction.

I.

*A.*

Federal courts are courts of limited jurisdiction, possessing only the authority granted by the United States Constitution and conferred by the United States Congress. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). Indeed, "[i]t is to be presumed that a cause lies outside this limited jurisdiction," the Supreme Court has observed, "and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardina Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)(citations omitted). If the Court lacks the statutory or constitutional power to adjudicate a claim, the claim must be dismissed for lack of subject matter jurisdiction. Home Builders

---

[2] Sandifer alleges that he attempted to proceed with his case in New Orleans Municipal Court, but that his case was declined by the city attorney.

4

Ass'n of Mississippi, Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998). A dismissal based on lack of subject matter jurisdiction "is not a determination of the merits and [therefore] does not prevent the plaintiff from pursuing a claim in a court that [has] proper jurisdiction." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. King v. U.S. Dep't of Veterans Affairs, 728 F.3d 410, 416 (5th Cir. 2013); Ramming, 281 F.3d at 161. To meet that burden, the party asserting jurisdiction "must prove by a preponderance of the evidence that the court has jurisdiction based on the complaint and evidence." King, 728 F.3d at 413. The Court may find a plausible set of facts to support subject matter jurisdiction by considering any of the following: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996).

*B.*

The standard of review applicable to motions to dismiss under Rule 12(b)(1) is similar to that applicable to motions to dismiss under Rule 12(b)(6). See Williams v. Wynne, 533 F.3d 360, 364-65 n.2 (5th Cir. 2008)(observing that the Rule 12(b)(1) and Rule 12(b)(6) standards are similar, but noting that applying the Rule 12(b)(1) standard permits the Court to consider a broader range of materials in resolving the motion).

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012)(en banc)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Id. at 502-03 (citing Iqbal, 556 U.S. at 678). Although "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers...conclusory allegations or legal conclusions masquerading as facts will not suffice" to withstand a motion to dismiss. Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002)(citations omitted).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." Twombly, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

II.

In contesting this Court's subject matter jurisdiction, the defendant submits that the plaintiff fails to state a claim arising under federal law. The plaintiff counters that his complaint alleges that Hopkins's racially motivated attack caused physical injury and property damage sufficient to confer federal question jurisdiction.[3] The Court disagrees.

The only potential predicate for this Court's subject matter jurisdiction is the plaintiff's allegation that his claim arises under federal law. To be sure, this Court has federal question jurisdiction over claims that arise under the U.S. Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. There is no single definition encapsulating the concept of this Court's "arising under" jurisdiction. Merrell Dow Pharmaceuticals Inc. v.

---

[3] Sandifer suggests that the case be transferred to the appropriate court if it is determined that the Court lacks jurisdiction.

Thompson, 478 U.S. 804, 808 (1986). Most frequently, a claim "arises under" federal law when federal law creates the cause of action. Id. (citation omitted). Less frequently and more limited in scope, a claim may arise under federal law when state law creates the cause of action but substantial federal issues are implicated. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005)(explaining that, in light of federalism concerns, there is no bright line test to apply to determine whether a federal district court has federal question jurisdiction over federal issues embedded in state law claims).

Here, Sandifer contends that the federal Hate Crime Prevention Act, 18 U.S.C. § 249, serves as the basis of federal question jurisdiction. The Act states:

(a) In general.—

    (1) Offenses involving actual or perceived race, color, religion, or national origin.—Whoever, whether or not acting under color of law, willfully causes bodily injury to any person or, through the use of fire, a firearm, a dangerous weapon, or an explosive or incendiary device, attempts to cause bodily injury to any person, because of the actual or perceived race, color, religion, or national origin of any person-

        (A) shall be imprisoned not more than 10 years, fined in accordance with this title, or both....

As the text of the Act makes clear, § 249 is a criminal statute penalizing certain hate crimes. As such, it criminalizes offenses for which it authorizes criminal enforcement and criminal

penalties; it does not confer private remedies, nor does it confer rights on a specific class of individuals. Absent from § 249 is any express or implicit indication that Congress created a private right of action. This defeats the plaintiff's assertion that the Act supplies the predicate for federal question jurisdiction over his claims against Hopkins. See Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 817 (1986); Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979)("[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person."); Gonzaga Univ. v. Doe, 536 U.S. 273, 283-84 (2002)(The question of whether Congress intended to create a private right of action is "definitively answered in the negative where a statute by its terms grants no private rights to any identifiable class.").

The case literature reinforces this Court's finding that no private right of action is conferred by § 249. Unless explicitly provided for in the statute, alleged violations of federal criminal statutes do not provide a private right of action. See D'Aquin v. Landrieu, No. 16-3862, 2016 WL 7178511, at *3 (E.D. La. Dec. 9, 2016)(Vance, J.)(citations omitted); see also Ali v. Shabazz, 8 F.3d 22 (5th Cir. 1993)(per curiam)("In order for a private right of action to exist under a criminal statute, there must be a

'statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'")(citation omitted). Because § 249 does not contain any language indicating that it supplies a private right of action, this Court agrees with other courts that have held that Section 249 does not provide for any private right of action. See, e.g., Logan v. Black Lives Matter Organization, No. 16-2599, 2016 WL 8929076, at *2 (D.S.C.), *report and recommendation adopted by*, 2017 WL 1955414 (D.S.C. May 11, 2017); D'Aquin v. New Orleans Mission, No. 16-12852, 2017 WL 3382455, at *3 (E.D. La. Aug. 7, 2017); D'Aquin v. Landrieu, No. 16-3862, 2016 WL 7178511, at *3 (E.D. La. Dec. 9, 2016); D'Aquin v. Starwood Hotels and Worldwide Properties, Inc., No. 15-1963, 2015 WL 5254735, at *2 (E.D. La. Sept. 8, 2015); Chicago Title & Land Trust Co. v. Rabin, No. 11-425, 2012 WL 266387, at *4 (N.D. Ill. Jan. 30, 2012); Lee v. Lewis, No. 10-55, 2010 WL 5125327, at *2 (E.D. N.C. Oct. 28, 2010).

Section 249 is the only asserted basis of federal question jurisdiction, but as a remedy it offers only criminal prosecution at the United States's discretion, not a private right of action to Sandifer. Accordingly, because this Court lacks subject matter jurisdiction over state law claims between non-diverse parties,

the defendant's motion to dismiss is hereby GRANTED. The plaintiff's claims are hereby dismissed without prejudice.

New Orleans, Louisiana, January  8 , 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE